# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. 1:11-CR-166 |
| v. | : (Judge Conner) |
| **DAMIEN HAMMONDS,** | : |
| Defendant | : |

## MEMORANDUM

Presently before the court is a motion (Doc. 187) for early disclosure of Brady and Jencks materials filed by defendant Damien Hammonds ("Hammonds"). Hammonds requests that the court order the United States of America ("United States") to immediately disclose all exculpatory Brady evidence except Giglio materials and to disclose all Giglio materials and Jencks materials at least two weeks prior to trial. For the reasons that follow, the court will deny the motion.

## II. Background

On May 4, 2011, a federal grand jury returned a two-count Indictment charging Hammonds with (1) intentionally and knowingly manufacturing, distributing, and possessing with intent to distribute 280 grams or more of cocaine base, and 5 kilograms of cocaine hydrochloride, in violation of title 21 U.S.C. § 841 (a)(1) and (2) criminal conspiracy to manufacture, distribute, and possess with intent to distribute 280 grams of cocaine base, and 5 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 846. (Doc. 1). Hammonds pled not guilty at his initial appearance on May 6, 2011. (Doc. 6). On November 3, 2011, Hammonds filed this instant motion for early disclosure of Brady and Jencks

materials. (Doc. 187). The motion has been fully briefed and is now ripe for disposition. (See Docs. 188, 226).

**III.   Discussion**

   **A.   Brady Materials**

Hammonds requests that the court order the United States to immediately disclose all exculpatory Brady evidence except Giglio impeachment materials and to disclose all Giglio impeachment materials at least two weeks in advance of trial. (Doc. 187 ¶ 19). Under Brady v. Maryland, the United States must disclose to the defendant any evidence in its possession that is favorable to the defendant and material either to guilt or to punishment. 373 U.S. 83, 87 (1963). Both impeachment and exculpatory evidence fall within the United States' disclosure duty. See Giglio v. United States, 405 U.S. 150, 154 (1972). Brady materials must be produced "in time for its effective use at trial." United States v. Starusko, 729 F.2d 256, 262 (3d Cir. 1984). Pursuant to the court's scheduling order dated May 9, 2011, the United States must permit counsel for Hammonds to "inspect, copy, or photocopy any exculpatory evidence within the purview of Brady" but the government may "redact impeachment material that is within the scope of Giglio v. United States, 405 U.S. 150 (1972)." (Doc. 51, at 5). The court's scheduling order further states that "[t]he government shall make all Giglio material available to the defendant for inspection or copying at least one week before the start of trial, unless the government demonstrates that unique circumstances in the case require a later disclosure." (Id.)

In the case *sub judice*, the United States concedes that it must immediately disclose all exculpatory Brady evidence except Giglio impeachment materials.[1] (Doc. 226, at 2-3). The United States proposes disclosing all Giglio materials three days before the commencement of trial. (Doc. 226, at 2-3). In United States v. Higgs, the Third Circuit held that to fully protect a defendant's right to a fair trial, the United States must produce all Giglio materials on the day that the witness testifies. 713 F.2d 39, 44 (3d Cir. 1983). The court has discretionary authority to compel pretrial disclosure of Giglio material "to ensure the effective administration of the criminal justice system." Id. at 44 n.6; see also United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) ("The district court may dictate by court order when Brady material must be disclosed, and absent an abuse of discretion, the government must abide by that order."). The court finds that disclosure of Giglio materials at least one week prior to trial fully protects Hammond's right to a fair trial and provides counsel with sufficient time to effectively utilize the information.

---

[1] The United States acknowledges its continuing obligation to disclose exculpatory materials except Giglio impeachment materials under Brady and avers that it is "unaware of any exculpatory information" at this time. (Doc. 228, at 2, 4-5). Hammonds has presented no evidence that the United States failed to produce all *exculpatory* evidence except Giglio impeachment materials within the purview of Brady. Accordingly, the court will deny this portion of Hammond's motion as moot.

To the extent that defense counsel has specific information suggesting a failure to disclose Brady material, Hammonds may file a motion for in camera review (after meeting and conferring with the United States in an effort to amicably resolve the issue). However, the court notes that such a motion must "make a plausible showing that the inspection will reveal material evidence." Riley v. Taylor, 277 F.3d 261, 301 (3d Cir. 2001) (citations and quotations omitted).

3

The conclusory justifications for early disclosure proffered by Hammonds are insufficient to warrant early disclosure of Giglio materials and departure from the court's schedule order.² Accordingly, the court will deny Hammond's motion for early disclosure of Giglio materials.

### B. Early Disclosure of Jencks Materials

Hammonds seeks disclosure of Jencks Act material at least two weeks prior to trial because it will assist him in preparing his defense and help ensure he receives a fair trial. (Doc. 188, at 5). The United States objects and proposes to produce all Jencks material three days prior to trial. (Doc. 226, at 3).

The Jencks Act provides:

> In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a). Once a witness called by the United States testifies on direct examination, the defendant is entitled to move for production of "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." Id. § 3500(b). The Third Circuit has explicitly held that district courts may not *compel* production of Jencks material

---

² The United States proffered no justification for delaying disclosure of the Giglio materials until three days prior to trial. Accordingly, the court will require disclosure of all Giglio materials at least a week prior to trial pursuant to the court's scheduling order.

4

prior to a witness testifying on direct examination.  United States v. Murphy, 569 F.2d 771, 773 (3d Cir. 1978); see also United States v. Mote, No. 3:07-CR-144, 2010 WL 2404360, at *5 (M.D. Pa. Jun. 10, 2010).  The Third Circuit has, however, encouraged the prevailing practice of United States Attorneys of "delivering Jencks material to defense counsel sufficiently in advance of the conclusion of direct examination to obviate trial interruptions solely to permit defense counsel to study the disclosures."  Murphy, 569 F.2d at 773 n. 5.

The court concludes that it cannot compel the United States to produce Jencks material to Hammonds prior to their witnesses testifying on direct examination.  The court notes that disclosure of this material three days before trial should provide counsel with ample to prepare for trial, but it also notes that one or two additional days of preparation may expedite trial proceedings.  The court encourages counsel for Hammonds and the Assistant United States Attorney to meet and confer in an effort to resolve this issue amicably.

## IV. Conclusion

For the foregoing reasons, Hammond's motion (Doc. 187) will be denied.  An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     January 19, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-166** |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **DAMIEN HAMMONDS,** | : | |
| | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 19th day of January, 2012, upon consideration of the motion (Doc. 187) for early disclosure of Jencks and Brady materials, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion (Doc. 187) is DENIED.

2. The United States shall disclose all Giglio materials at least seven (7) days prior to trial pursuant to the court's scheduling order (Doc. 51).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge